UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.

ANNE CHANG,
a citizen and resident of Florida,

     Plaintiff,

vs.

MSC CRUISES, S.A., a Swiss corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, ANNE CHANG ("Plaintiff"), a citizen and resident of Florida, hereby sues the Defendant, MSC CRUISES, S.A., a foreign corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff is a citizen of Florida and is otherwise *sui juris*.

3. Defendant is a Swiss corporation with its principal place of business in Ft. Lauderdale, Broward County, Florida.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1333, based on admiralty. Plaintiff's cause of action arises out of the events alleged below, which occurred on navigable waters and in the course of a traditional maritime activity, Defendant's operation of a passenger cruise vessel.

5.      At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Broward County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

6.       At all material times, Defendant was, and is, engaged in the business of operating maritime cruise vessels for fare paying passengers, including Plaintiff.

7.      In the operative ticket contract, Defendant requires fare paying passengers such as Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

8.      Venue is also proper because Defendant's principal place of business is located within this judicial district.

9.      Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant with timely notice as required by the ticket contract. A copy of the letter, dated June 28, 2024, has been attached hereto as *Exhibit 1*.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10.     At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "Seashore."

11.     On December 4, 2023, Plaintiff was a fare-paying passenger aboard the Seashore and in that capacity was lawfully present aboard the vessel.

12.     On December 4, 2023, Plaintiff was walking near the elevators in the middle of the vessel on Deck 8 of the Seashore, when she slipped and fell on a foreign, wet, slippery, and/or transitory substance present on the marble floor surface. The dangerous condition was not open

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

and obvious to a reasonable passenger under the same circumstances, such as Plaintiff, because the dangerous condition was translucent and therefore not immediately detectable through ordinary senses. Accordingly, Plaintiff could not appreciate the dangerous conditions to the extent that the incident could have been avoided.

13.     At all material times, Defendant had actual or constructive knowledge of the dangerous condition referenced in the preceding paragraph (*i.e.*, the wet, slippery, foreign, and/or transitory substance on the floor and the reasonable tendency for the walking surface in the area where Plaintiff slipped to become slippery and therefore unreasonably dangerous for use as a passenger walking surface). This actual and/or constructive knowledge derived from the length of time the slippery condition had been present on the floor surface sufficient to invite corrective measures, and due to the inspection and cleaning policies of Defendant regarding the marble floor surface near the elevators in the middle of the vessel on Deck 8. Furthermore, Defendant had actual or constructive notice of the dangerous condition described in Paragraph 12 above due to the area near the elevators in the middle of the vessel being in a high traffic area such that Defendant knew or should have known of the likelihood of foreign, wet, slippery, and/or transitory substances forming due to spills or otherwise. In addition, Defendant acquired actual and/or constructive notice from prior similar slip-and-fall incidents that occurred on Defendant's other vessels within the same or similar class ships, including, but not limited to, the following:

a.  *Guerra v. MSC Cruises, S.A.*, No. 23-cv-23366. The plaintiff was exiting an elevator on Defendant's "Seashore" vessel when they slipped and fell on a wet, slippery, foreign, and/or transitory substance on the floor surface after exiting the elevator on Deck 8, causing them to sustain personal injuries. This incident occurred on September 8, 2022.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

b. *Wray v. MSC Cruises, S.A.,* No. 22-cv-20504. The plaintiff, upon exiting the elevator on Defendant's "Seashore" vessel, slipped and fell on a wet, slippery, foreign, and/or transitory substance on the floor surface, causing them to sustain personal injuries. This incident occurred on December 3, 2021.

c. *Diane Jackson v. MSC Cruises, S.A.*, No. 24-cv-21577. The plaintiff was walking near the elevator by the spa on Deck 8 of Defendant's "Seascape" vessel when she slipped on a wet, slippery, foreign, and/or transitory substance on the floor surface, causing her to sustain personal injuries. This incident occurred on December 31, 2022.

d. *Lomuto-Stinsman v. MSC Cruises, S.A.*, No. 24-cv-62110-WPD. The plaintiff was exiting an elevator on Deck 14 of Defendant's "Meraviglia" vessel when she slipped and fell due to a wet, slippery, foreign, and/or transitory substance on the marble floor surface in front of the elevator, causing her to sustain personal injuries. This incident occurred on August 8, 2023.

e. *Paige v. MSC Cruises, S.A.*, No. 24-cv-23639. The plaintiff was walking within the buffet area on Deck 15 of Defendant's "Meraviglia" vessel when she slipped and fell due to a wet, slippery, foreign, and/or transitory substance on the floor surface, causing her to sustain personal injuries. This incident occurred on July 24, 2023.

f. *Rolfs v. MSC Cruises, S.A.*, Case No. 24-20695-DSL. The plaintiff was walking near the elevators on Defendant's "Seascape" vessel when they slipped and fell due to a wet, slippery, foreign, and/or transitory substance on the floor surface,

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

causing them to sustain personal injuries. This incident occurred on April 23, 2023.

14. As a direct and proximate result of the fall described in Paragraph 12 above, Plaintiff was injured in and about her body and extremities, including right leg patella fractures requiring open reduction internal fixation surgery, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries. The future medical and health care expenses are reasonably certain to occur. These damages are permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE

Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

15. At all material times, Defendant owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel, which encompassed the marble floor surface near the elevators in the middle of the vessel on Deck 8 where Plaintiff slipped and fell, in a reasonably safe condition.

16. At all material times, there existed a dangerous condition on the marble floor surface near the elevators in the middle of the vessel on Deck 8 referenced in Paragraph 12, to-wit: a foreign, wet, slippery, and/or transitory substance.

17. At all material times, Defendant knew, or in the exercise of reasonable care, should have known of the foreign, wet, slippery, and/or transitory substance that caused Plaintiff to slip and fall for the reasons described in Paragraphs 13 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

18.     Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, Defendant breached its duty to Plaintiff by failing to exercise reasonable care in maintaining the marble floor surface near the elevators in the middle of the vessel on Deck 8 where Plaintiff slipped and fell in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

a.  Failing to maintain the marble floor surface near the elevators in the middle of the vessel on Deck 8 where Plaintiff slipped and fell in a reasonably safe condition to prevent slip and falls from occurring.

b.  Failing to maintain the floor surface on the Seashore in accordance with the manufacturer's specifications to ensure that the floor surface maintains its slip resistance characteristics.

c.  Failing to inspect the floor surface where Plaintiff slipped and fell to ensure adequate slip resistance.

d.  Failing to use a floor surface in the area where Plaintiff slipped and fell that would provide adequate slip resistance to prevent slip and falls from occurring.

e.  Failing to utilize non-skid floor material and/or other precautions in the area where Plaintiff slipped and fell in order to prevent slips and falls from occurring on the marble floor surface near the elevators in the middle of the vessel on Deck 8 of the Seashore.

f.  Failing to staff and deploy a sufficient number of personnel assigned to the area near the elevators in the middle of the vessel on Deck 8 where Plaintiff fell in order to identify and detect wet, slippery, transitory, and/or foreign substances from

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

accumulating on the floor surface in the area, prior to when Plaintiff slipped and fell.

g.  Failing to dry the floor surface prior to Plaintiff's slip and fall.

h.  Failing to conduct frequent, timely, or adequate inspections of the floor surface in the area where Plaintiff slipped and fell to identify or detect potential slip and fall hazards such as accumulated water and/or a wet, slippery, transitory, or foreign substances on the floor.

19.  As a direct and proximate result of one or more of Defendant's negligent acts as described above, Plaintiff slipped and fell as alleged in Paragraph 12 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 14.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, interest, and the costs of this action and further demands trial by jury of all issues triable as of right.

### <u>COUNT II – NEGLIGENT FAILURE TO WARN</u>

Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters.

20.  At all material times, Defendant owed Plaintiff, as a fare paying passenger, a duty of reasonable care, including a duty to warn of onboard dangerous conditions of which it knew or should have known about in the exercise of reasonable care which encompassed the duty to warn Plaintiff of the dangerous condition present on the marble floor surface near the elevators in the middle of the vessel on Deck 8.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

21.     At all material times, there existed a dangerous condition on the marble floor surface near the elevators in the middle of the vessel on Deck 8 referenced in Paragraph 12, to-wit: a foreign, wet, slippery, and/or transitory substance.

22.     At all material times, Defendant knew, or in the exercise of reasonable care, should have known of the foreign, wet, slippery, and/or transitory substance that caused Plaintiff to slip and fall for the reasons described in Paragraphs 13 above.

23.     The dangerous condition was not open and obvious to a reasonable passenger under the same circumstances, such as Plaintiff, for the reasons described in Paragraph 12 above.

24.     Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, Defendant failed at all material times to warn passengers, including Plaintiff, of the dangerous condition present on the marble floor surface near the elevators in the middle of the vessel on Deck 8 through written or orally delivered warnings, appropriate signage, markings, or placement of cones, cordoning off the dangerous area pending its cleaning and drying, or otherwise, and was thereby negligent.

25.     As a direct and proximate result of one or more of Defendant's negligent acts as described above, Plaintiff slipped and fell as alleged in Paragraph 12 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: December 20, 2024

*/s/PHILIP M. GERSON*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
JULIO D. TORRES
Florida Bar No. 1040446
jdtorres@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com